IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JANINE LEAPER,

                  Plaintiffs,          3:10-cv-1471-PA

                                     **ORDER**

      v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY as TRUSTEE for
GSAMP TRUST 2005-HE4 a
foreign banking corporation;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation and
NORTHWEST TRUSTEE SERVICES,
INC., a Washington Corporation.

                Defendants.

---

**PANNER, J.**

    Defendant Northwest Trustee Services moves to dismiss, or,
in the alternative, for summary judgment [#55]. Defendants
Deutsche Bank and MERS move for summary judgment [#52]. The
motion for summary judgment [#52] is DENIED. Defendants' motion
to dismiss [#55] is GRANTED.

1 - ORDER

### BACKGROUND

Plaintiff's complaint, filed on October 13, 2012, seeks: (1) injunctive relief enjoining defendants from conducting a non-judicial foreclosure until defendants comply with Oregon law; and (2) declaratory relief "to declare that Defendants have no legal or equitable rights in the Note or Deed of Trust for purposes of foreclosure and that said Defendants have no legal standing to institute or maintain foreclosure on the Property, and to further permit Plaintiff to seek permanent injunctive relief forever barring Defendants from ever seeking to foreclose on the property." (Compl., ¶ 32.) Plaintiff does not seek damages. Defendant was ordered to furnish the Court with the original promissory note and a record of recordings of the deed of trust.

On April 17, 2012, defendants recorded a rescission of the Notice of Default and Election to sell in the county land records. Defendants then filed motions to dismiss and for summary judgment.

### STANDARDS

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) tests the subject-matter jurisdiction of the court. In evaluating a factual challenge to jurisdiction, the court may look beyond the complaint. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual challenge, the court "need not" presume the factual allegations in the complaint are true. Id. The party

2  - ORDER

asserting jurisdiction bears the burden of proving jurisdiction exists. In re Ford Motor Co./Citibank (South Dakota), 264 F.3d 952, 957 (9th Cir. 2001)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

**DISCUSSION**

Motions to dismiss on grounds of mootness relate to a federal court's subject-matter jurisdiction under Article III, and are properly raised in a motion to dismiss under Rule 12(b)(1). White, 227 F.3d at 1242. At oral argument, Deutsche Bank and MERS joined Northwest Trustee's motion to dismiss [#55].

Federal courts are courts of limited jurisdiction. Article III of the Constitution limits federal court jurisdiction to actual cases or controversies. Art. III, § 2; see Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). A case or controversy requires "that an actual, ongoing controversy exist at all stages of federal court proceedings." Id. (internal citation omitted). Federal courts lack jurisdiction to decide moot cases. Id. at 1087.

Defendants argue that because there is no longer a pending non-judicial foreclosure proceeding, plaintiff's claims are moot. "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc., v. Laidlaw

Environmental Services, Inc., 528 U.S. 167, 190 (2000). A
defendant's voluntary action may result in a moot claim when: (1)
there is no reasonable expectation that the alleged violation
will recur; and (2) "interim relief or events have completely and
irrevocably eradicated the effects of the alleged violation."
Smith v. Univ. of Washington, 233 F.3d 1188, 1194 (9th Cir.
2000)(internal citation omitted).

Plaintiff filed the lawsuit in response to defendants' April
6, 2010 Notice of Default and Election to Sell. On April 17, 2012
- long after the 180 days allowed to postpone a sale under ORS
86.755(2) - defendants recorded a Rescission of Notice of
Default. (Fransen Decl., Ex 10.) Additionally, Deutsche Bank and
MERS state, ". . . Defendants further warrant that they will
proceed with a judicial foreclosure, and not a non-judicial
foreclosure, if they proceed with a foreclosure at all." (April
19, 2012 Memo., 5.) Given defendants' representations in the
record, there is not a reasonable chance that the allegedly
prohibited activity - a non-judicial foreclosure - will recur.
This case is therefore moot. Friends of the Earth, 528 U.S. at
190; Smith, 233 F.3d at 1194.

Plaintiff argues that because defendants have yet to
initiate judicial foreclosure proceedings, there is a reasonable
chance that following dismissal, defendants will simply initiate
another non-judicial foreclosure. Plaintiff's argument ignores

4  - ORDER

defendants statements made to the Court. Additionally, defendants could be judicially estopped from proceeding with a future non-judicial foreclosure. <u>See New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001)(judicial estoppel prevents a party from gaining an advantage based on one theory and then seeking a future advantage by pursuing an incompatible theory).

For the reasons stated above, plaintiff's claims for injunctive and declaratory relief[1] concerning an allegedly wrongful non-judicial foreclosure proceeding, are moot.

Plaintiff sought no damages in the complaint. At oral argument plaintiff did not claim any damages. I granted plaintiff 10 days to file briefings regarding costs. As discussed at oral argument, plaintiff is granted 10 days to file briefings regarding costs. Defendants are granted 10 days to respond to any briefing.

////

////

////

---

[1]Oregon law is clear that, even in the context of interpreting Oregon's declaratory judgment statute, "Courts will not give mere advisory opinions on moot questions." <u>Cummings Const. Co. v. School Dist. No. 9, Coos County</u>, 242 Or. 106, 109-110 (1965). Instead, there must be a "justiciable controversy between the parties." <u>Id.</u> (internal citation and quotation omitted). The justiciable controversy requirement "is not less strict in a declaratory judgment proceeding than in any other type of litigation." <u>State Farm Fire and Casualty Co. v. Reuter</u>, 294 Or. 446, 448 (1983).

5  - ORDER

**CONCLUSION**

The motion for summary judgment [#52] is DENIED.
Defendants' motion to dismiss [#55] is GRANTED.

IT IS SO ORDERED.

DATED this **2/** day of June, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

6  - ORDER